UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIANA CHACON,

        Plaintiff,

v.                              CASE No. 8:19-cv-2371-T-TGW

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the Commissioner of Social Security's findings that the plaintiff has prior relevant work as a housekeeper and lunchroom helper are not supported by substantial evidence, the decision will be reversed and the matter remanded to the defendant.

I.

The plaintiff, who was sixty-five years old at the time of the administrative hearing and who has a high school education in Cuba, has

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

worked as a housekeeper and lunchroom helper (Tr. 22, 59, 211). She filed a claim for supplemental security income payments, alleging that she became disabled due to depression, anxiety and a head injury (Tr. 59). The claim was denied initially and upon reconsideration.

At her request, the plaintiff received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of osteoarthritis and schizoaffective disorder (Tr. 17). The law judge concluded that, despite the plaintiff's impairments, she

> has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except she remains able to understand, remember, and carry out only simple instructions, and to maintain persistence for simple tasks. The claimant remains able to work in environments with few day-to-day changes in terms of work settings, work duties, or work processes.

(Tr. 20).

The law judge found that the plaintiff's prior jobs as a housekeeper and lunchroom helper qualified as past relevant work. Furthermore, based on the testimony of the vocational expert, the law judge determined that the plaintiff's residual functional capacity did not preclude her from performing past relevant work (Tr. 22). Consequently, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council

2

denied review, so that the law judge's decision became the final decision of the Commissioner.

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be

3

reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.  The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 416.920. One of the threshold inquiries (step two) is whether a claimant has a medically determinable impairment and its severity. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c). When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 416.920(g).

### III.

The plaintiff asserts two challenges to the law judge's decision. She contends that the law judge (1) erroneously found that her jobs as a housekeeper and lunchroom attendant are "past relevant work" and (2) did not consider the opinions of two non-examining reviewing psychologists

5

that the plaintiff has moderate limitations in maintaining social functioning (Doc. 26). The first contention is meritorious.

  A. At step 4 of the sequential analysis, the law judge determined that the plaintiff's previous jobs as a housekeeper and lunchroom helper qualify as past relevant work (Tr. 22). Furthermore, based on the vocational expert's testimony that the plaintiff's residual functional capacity did not preclude her from performing those jobs (Tr. 54), the law judge concluded that the plaintiff was not disabled. See 20 C.F.R. 416.920(a)(4)(iv) (A claimant will be found not disabled if she can return to her past relevant work.). The plaintiff argues that her past work as a lunchroom helper and housekeeper never rose to the level of substantial gainful activity and, therefore, neither job is "past relevant work" (Doc. 26, pp. 6–9).

  Past relevant work is work that a claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for her to learn to do it. 20 C.F.R. 416.960(b)(1); see Perez v. Commissioner of Social Security, 625 Fed. Appx. 408, 421 (11th Cir. 2015). "Substantial work activity" is work "that involves doing significant physical or mental activities," even if on a part-time basis. 20 C.F.R. 416.972(a).

"Gainful work activity" is work activity done for pay or profit. 20 C.F.R. 416.972(b).

> In evaluating work activity for substantial gainful activity purposes, the primary consideration is the claimant's earnings from work activity. *See id.* §§ 404.1574(a)(1); 416.974(a)(1); SSR 83–33. If a claimant receives wages exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period. *See* 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2)....

Green v. Commissioner, Social Security Administration, 555 Fed. Appx. 906, 908 (11th Cir. 2014). Conversely, if a claimant's "average monthly earnings are equal to or less than" the amounts listed in the earnings guidelines tables for those years, those earnings will ordinarily "show that [she] ha[s] not engaged in substantial gainful activity." 20 C.F.R. 416.974(b)(3)(i); see, e.g., Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984) (The claimant's job "is not substantial gainful activity [because] [h]er work has always been compensated at a level significantly below the earnings level at which work becomes gainful."); Perez v. Commissioner of Social Security, supra, 625 Fed. Appx. at 421.

Although it is the plaintiff's burden to show that certain work experience is not past relevant work, Barnes v. Sullivan, 932 F.2d 1356, 1359

7

(11th Cir.1991), the law judge still must "make the appropriate findings to insure that the claimant really can perform his or her past relevant work." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see, e.g., Vaughn v. Heckler, supra, 727 F.2d at 1042 ("Because her past work has not been substantial, it was an error of law to conclude that her performance of it disqualifies her from receipt of disability benefits.").

In this case, the law judge determined that the plaintiff "is capable of performing past relevant work as a Housekeeper and Lunchroom Helper" (Tr. 22). He found that the plaintiff performed these jobs "within the past 15 years, for a long enough time to have learned the jobs, and at the substantial gainful activity levels (Exhibits 7D–10D, 2E, 3E, Hearing Testimony)" (Tr. 22).

The plaintiff argues that the law judge erred in finding that these jobs were past relevant work because her earnings records fail to establish that she performed this work at substantial gainful activity levels (Doc. 26, pp. 7-8). See 20 C.F.R. 416.974(b). According to the earnings tables, the plaintiff's job as a housekeeper in 2012 qualifies as substantial gainful activity if her average monthly earnings exceeded $1,010. www.ssa.gov/oact/cola/sga.html. The earnings records show that the

8

plaintiff earned $5,940.46 as a housekeeper in 2012 (Tr. 202) which, over the six and one-half months she was employed (Tr. 217), amounts to an average monthly income of $913.92.

The lunchroom helper job in 2015 is presumptively substantial gainful activity if the plaintiff's average monthly income exceeded $1,090. www.ssa.gov/oact/cola/sga.html. Her earnings records show income of $3,798.96 as a lunchroom helper in 2015 (Tr. 202) which, over the eight months she worked (Tr. 217), is an average monthly income of $474.87. Thus, according to the earnings records, the plaintiff's earnings as a housekeeper and lunchroom helper were substantially below the threshold for substantial gainful activity.

The Commissioner, relying upon the plaintiff's work history report, argues that the plaintiff performed those jobs at substantial gainful activity levels (Doc. 30, p. 10). The work history report (completed on the plaintiff's behalf in 2016) states that the plaintiff was a hotel housekeeper from January 14, 2012, to July 31, 2012, four days a week, eight hours per day, at an hourly rate of $8.00 (Tr. 217, 223). As the Commissioner states, this amounts to average monthly earnings of $1,024, which exceeds (by $14) the minimum earnings necessary in order to qualify as substantial gainful

activity for that year. Additionally, the work history report states that the plaintiff worked as a lunchroom helper from May 2015 to December 2015, five days a week, five hours per day, at an hourly rate of $9.00 (Tr. 217, 224). That equates to average monthly earnings of $900, which is considerably below the $1,090 threshold in order to qualify as substantial gainful activity in 2015. Thus, even under the Commissioner's computation, the lunchroom helper job was not substantial gainful activity.

In all events, the law judge did not purport to rely solely upon the work history report in finding that the housekeeping and lunchroom helper jobs constituted substantial gainful activity. Rather, the law judge purported to rely upon both the earnings reports and the work history report in making those findings (see Tr. 22, citing Exs. 7D–10D (earnings records) and 2E, 3E (Work History and Disability Reports)).

It is unclear what the law judge had in mind in indicating that the earnings reports support a finding of substantial gainful activity because they do not. Furthermore, the law judge does not acknowledge, and he certainly does not reconcile, the critical discrepancies between the earnings reports and the work history report.[2]

---

[2] Additionally, the probative value of the plaintiff's work history report is

Under these circumstances, the law judge's findings that the plaintiff's prior jobs were substantial gainful activity are not supported by substantial evidence. See Perez v. Commissioner of Social Security, supra, 2016 WL 4361930 at *5 (reversing the decision because the law judge failed to reconcile discrepancies between the earnings record and work history report); Garcia v. Berryhill, No. CV 17-04398-DFM, 2018 WL 6459707 at *3 (C.D. Cal.) ("Due to the discrepancy between the Disability Report and the earnings reports, the record was inadequate for the ALJ to conclude that the work constituted SGA…"); Louk v. Colvin, No. 13-9305, 2014 WL 7404593 at *2–3 (C.D. Cal.); Swanson v. Colvin, 2014 WL 99304 at *5 (M.D. Fla.).

As the Eleventh Circuit elaborated in Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citation omitted):

> What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Unless the [Commissioner] has analyzed all evidence and has

---

questionable because it sets forth her general work schedule; it does not necessarily reflect the plaintiff's actual earnings. See 20 C.F.R. 416.974(a)(2) ("We consider only the amounts you earn"); SSR 83-33 (S.S.A), 1983 WL 31255 at *2 (countable earnings are the individual's gross earnings reported for work activity).

11

> sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

See also Lawton v. Commissioner of Social Security, 431 Fed. Appx. 830, 834 (11th Cir. 2011).

The Commissioner argues further that, even if the plaintiff's earnings are insufficient to establish substantial gainful activity, those jobs entailed "significant mental and physical activities" which indicate that the plaintiff performed them at substantial gainful activity levels (Doc. 30, pp. 10–11). However, the law judge does not mention the strenuousness of the plaintiff's prior jobs. Regardless, that circumstance would not be sufficient to show substantial gainful activity, which is a distinct element of past relevant work under the regulations. 20 C.F.R. 416.920(b)(1), 416.965(a). Consequently, the Commissioner's argument is simply a post hoc rationalization of litigating counsel. It is clear that post hoc rationalizations do not provide the basis for judicial review of an administrative decision. See Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir.

2010).

Finally, the Commissioner argues that "the ALJ was not obligated to specifically discuss the issue in his decision" because the Plaintiff "did not raise any issue [before the law judge] as to whether her work was substantial gainful activity and was past relevant work" (Doc. 30, p. 14). This argument is meritless, as it is clear that the Commissioner's decision may not stand if his findings are not supported by substantial evidence. See Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987); Pinto v. Massanari, supra, 249 F.3d at 845. As indicated, the law judge's findings regarding the plaintiff's past relevant work are not supported by substantial evidence, i.e., a reasonable person would not accept the evidence as "adequate to support [the] conclusion" that the plaintiff's job as a housekeeper or lunchroom helper was substantial gainful activity because the earnings records, which appear to be the most reliable record evidence, contradict that conclusion. See Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir.1983) (Substantial evidence is "relevant evidence as a reasonable person would accept as adequate to support a conclusion.").[3]

---

[3]Additionally, the Commissioner argues that the plaintiff was "on notice" that the housekeeping and lunchroom helper jobs were past relevant work because they were listed as such in the "Assessment of Vocational Factors" (Doc. 30, p. 14). That is incorrect. The Assessment of Vocational Factors expressly states that those jobs were

13

Therefore, the matter will be remanded for further consideration.

    B. The plaintiff's second argument is that the law judge failed to address the opinions of non-examining reviewing psychologists, Dr. Janice Miller and Dr. Wendy Silver, that the plaintiff had moderate limitations in maintaining social functioning (Doc. 26, pp. 9-11; see Tr. 63; 77-78). Specifically, the plaintiff contends that these opinions "were missing from the residual functional capacity findings and [there was] no discussion of these additional opinions in the body of the decision" (Doc. 26, p. 10).

    As the Commissioner responds (Doc. 30, p. 7), the law judge does address those opinions. The law judge stated, among other things that he

> accorded slightly less weight to the portion of their assessments concerning social functioning, which is now the area of interacting with others, given some of claimant's subjective reports and her mental health treatment records that document

---

"Not Relevant Work" (Tr. 82, 83) (emphasis added).

  The plaintiff also contends that the vocational expert testified that those jobs constituted "past relevant work" (Doc. 30, pp. 13-14, citing Tr. 53). However, the vocational expert did not affirmatively testify that these jobs were "past relevant work" (see Tr. 53). The law judge asked the vocational expert to identify the "last job she held" and the one "[p]rior to that," to which the vocational expert responded lunchroom helper and housekeeper (id.). In all events, the earnings report creates a discrepancy that must be resolved by the defendant.

14

>> normal findings related to her speech, eye contact, and behavior.

(Tr. 19). The plaintiff does not acknowledge this explanation and, therefore, she certainly does not undermine it. See Doc. 17, p. 2 (The Scheduling Order and Memorandum Requirements state that "[i]t is not sufficient ... to assert an issue that simply states that the Commissioner's decision is not supported by substantial evidence ...."). Nonetheless, it is appropriate to pretermit this argument because upon remand a new decision will be issued.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED** and the matter remanded for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 12th day of November, 2020.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE